**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

In re: Appeal of French, <u>et al.</u>      }

                           }

                           }    Docket No. 98-7-01 Vtec

                           }

                           }

## <u>Decision and Order</u>

Appellants Patrick L. French, Alex French, Patricia T. French, Thomas M. MacNair, Joyce MacNair, Mark DiStefano, Brent Burgee, Terry E. Burgee, Laura S. Morris, Larry Richburg, Virginia Richburg, Betty J. Maloney, Sherri M. Rosenberg, George C. Hegele IV, Annelides Falkenrath, and Mark Aaron appealed from a decision of the Development Review Board (DRB) of the Town of Randolph granting site plan approval and a conditional use permit to Karl and Lois Strassberger for a self-storage facility. This decision is an on-the-record appeal as the Town has adopted and implemented the procedures necessary for such appeals.

Appellants are represented by David L. Grayck, Esq.; Appellee-Applicant Karl Strassberger appeared and represented himself. The Town of Randolph did not participate in this appeal. The record was received by the Court; no transcripts were ordered by any party. The parties were given the opportunity to submit written memoranda of law. Upon consideration of the record and the parties= memoranda, the Court concludes as follows. We note that in an on-the-record appeal, legal questions to be decided independently by the Court, just as the Vermont Supreme Court decides legal questions arising in appeals from the trial courts. The factual findings of the administrative body, on the other hand, are given great weight, although they are not conclusive. The Court must determine if substantial evidence exists in the record as a whole from which the factual findings of the DRB might reasonably be inferred. See, <u>In re Petition of Town of Sherburne</u>, 154 Vt. 596, 604-05(1990).

However, we do not reach the factual issues regarding the character of the area or the traffic safety of the proposed project, because it is not an allowed use in the RU-5 zoning district, and does not qualify for consideration under the so-called catchall provision of ' 2.4.3.

Appellee-Applicants Karl and Lois Strassberger applied to construct a so-called > self-storage= facility on a one-acre parcel at the intersection of Harlow Hill Road and Vermont Route 66, consisting of two buildings each 30' x 110' in size, with access onto Harlow Hill Road. The buildings appear from the plans to house a total of approximately forty storage units. Appellee-Applicants propose to offer the units for rental to the general public, for a monthly rental fee, for the storage of the lessee= s household goods, or commercial or private goods of any nature, except for exclusions in the lease for hazardous, flammable, explosive or otherwise toxic items.

The Randolph Zoning Regulations contain an elaborate list of allowed use categories, more detailed and specific than in many other Vermont municipalities. In each zoning district, use categories are listed either as permitted uses (allowed upon application to the zoning administrator if the use meets the dimensional requirements of the Regulations) or as conditional uses (allowed upon application to the DRB if the use meets the additional criteria of ' 3.4.1, including consistency with the plan, lack of hazard, traffic capacity, traffic access safety, screening, runoff control, and landscaping). Unlike the regulations of some other municipalities[1], the Randolph Zoning Regulations do not provide for a category of > other uses similar to the listed uses= which can be approved > as a conditional use= by the DRB (or as a permitted use by the Zoning Administrator).

The use category Adistribution and storage facilities@ is described at page 32 of the Zoning Regulations as including A truck terminals, storage of petroleum, chemicals, fertilizers, cement, scrap metal, waste paper, glass, cold or frozen food, feed grain.@ The category is allowed as a conditional use in the Rural Use 3-acre and the Rural Use 5-acre zoning districts, and as a permitted use only in the Industrial zoning district. That category evidently applies to wholesale or retail storage of commodities in bulk, and to the distribution of goods from such storage. The DRB overruled the Zoning Administrator= s determination that the proposal fell into this category; Appellants agree that it does not, and have not raised this issue on appeal.

The use category A public warehouse@ is defined at page 58 of the Zoning Regulations as a A building available to the general public, at a fee, for the storage of farm products, furniture and other household goods, or commercial or private goods of any nature.@ It is an allowed use only in the East Valley zoning district, in which it is a permitted use. The East Valley zoning district is a district 1500 feet in width running the length of Vermont Route 14, extending for 750-feet on both sides of Route 14. Appellee-Applicants= proposal falls into the use category of A public warehouse.@ Therefore it would be allowed only on a parcel in the East Valley zoning district, unless some other exception or provision in the Zoning Regulations applies.

Section 2.4.3 of the Zoning Regulations provides that any use not specifically permitted in the Regulation, that is, not specifically listed as an allowed use, shall be prohibited. However, it contains the following exception: a use "not specifically permitted in the Regulation[2]" can be Aauthorized by the [DRB] if it finds, after a duly warned public hearing, that the proposed use is not injurious, obnoxious, or offensive and is in keeping with the Character and permitted uses in the Zoning District.@ This type of exception can be useful in a municipality such as Randolph, which has a detailed list of use categories, rather than more general categories such as > commercial= or > retail= or > office= into which uses not otherwise provided for might fit. However, it only applies by its terms to use categories that have not been specifically included anywhere in the Zoning Regulations. Because the A public warehouse@ category has been specifically permitted by the Zoning Regulations in the East Valley zoning district, it has been excluded from all the other districts and does not qualify for the application of this exception.

To interpret ' 2.4.3 otherwise would result in the following anomaly. In a district in which a certain use was classified as a conditional use[3], ' 2.4.3 would not apply, and the use would have to undergo scrutiny by the DRB under all eight of the criteria in ' 3.4.1 for conditional use approval, before it could obtain a permit. On the other hand, in a district in which the same use was not allowed even as a conditional use, this interpretation of ' 2.4.3 would give the DRB discretion to allow the use under the much vaguer[4] determination that the use is not A injurious,@ that it is not A obnoxious or offensive,@ that it is A in keeping with@ the A character@ of the zoning district in which it is located, and that it is A in keeping with@ the other uses permitted in the zoning district. The specific conditional use considerations such as traffic safety, traffic access, noise, odors, road standards, screening, or runoff control would not apply. We cannot interpret the Regulations to cause such an irrational result. Instead, we must presume that when the Regulations were drafted and amended, that the conditional use categories were adopted intentionally for each district, and that if a specific use was allowed in one district and not in another, that choice was made intentionally as well.

Indeed, in the present case the DRB appears to have improperly applied the conditional use standards rather than the standards required under ' 2.4.3, perhaps because of this anomaly. This may have been a reasonable and > common sense= approach to the problem, but it is not provided for in the regulations. Conditional use standards cannot be imported into the review process if the regulations do not provide for conditional use review. In re Appeal of Miserocchi, 170 Vt. 320, 324 (2000); In re Appeal of Handy, 171 Vt. 336, 348-49 (2000). Section 2.4.3 could have been drafted to allow the DRB to approve a new use category, and then to require the proposal to undergo review as a conditional use. However, it does not do so in its present form.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that the decision of the DRB granting Permit No. Z00-133R is hereby reversed and vacated, as the proposal falls within the use classification of Apublic warehouse@ which is not an allowed use in the RU-5 zoning district, and as ' 2.4.3 does not apply in this instance, as discussed above.

Dated at Barre, Vermont, this 4th day of March, 2002.

_____
Merideth Wright
Environmental Judge

---

**Footnotes**

1    Compare, the Sunderland ordinance analyzed in <u>Appeals of Waite and Welebit</u>, Docket Nos. 139-6-00 and 183-8-00 Vtec (Vt. Envtl. Ct., April 26, 2001) (slip op. at 11).

2    Section 2.4.3 was applied by the DRB as if it stated that it applied to any use not specifically permitted in "a specific zoning district." However, it applies to a use not specifically permitted "in the Regulation[s]."

3    For example, a campground in the RU-5 district, or a dance hall in the Civic-Tourist district.

4    We do not here decide whether §2.4.3 is too vague to meet constitutional requirements.